UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BARMAR, L.L.C. | CIVIL ACTION NO. 04-2301-A |
| -vs- | JUDGE DRELL |
| CITY OF ALEXANDRIA, LOUISIANA | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court is a Motion to Dismiss for lack of subject matter jurisdiction filed by Defendant, City of Alexandria. (Document No. 9.) Plaintiff has filed an opposition (Document No. 11), and the Court finds no need for oral argument. For the reasons set forth herein, the Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Specifically, Plaintiff's claims that the refusal of the City Council to adopt the ordinance rezoning the property at issue constitutes a "taking" without just compensation in violation of federal and/or state laws are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff may continue to pursue the remainder of its claims.

Plaintiff, Barmar, L.L.C. ("Barmar") alleges in its Complaint that the City of Alexandria's failure to rezone certain property as "multi-family" rather than "single family" unconstitutionally deprives plaintiff of the use of that property

without due process and amounts to an improper "taking" without just compensation. (*See* Document No. 1.)

Defendant, City of Alexandria ("Alexandria") contends this Court lacks subject matter jurisdiction, because Barmar has not pursued any claim for inverse condemnation under Louisiana law.

After thorough review of the applicable statutes and jurisprudence, the Court agrees with Defendant that Louisiana law does provide an avenue through which Plaintiff could seek compensation for the alleged "taking" in this case. La. R.S. 13:5111. There is no evidence Plaintiff has taken advantage of this process. Accordingly, Plaintiff's "takings" claim is not ripe for determination and is not within the subject matter jurisdiction of this Court. See John Corporation v. City of Houston, 214 F.3d 573, 580-581 (5th Cir. 2000) [referencing Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S.Ct. 3108 (1985)].

However, the Court also notes the Fifth Circuit has held, "when a state interferes with property interests, a substantive due process claim *may* survive a takings analysis and, therefore, provide jurisdiction for a federal court." Simi Investment Company, Inc. v. Harris County, Texas, 236 F.3d 240, 249 (5th Cir. 2000) (emphasis in original).

Although Plaintiff's allegations supporting its substantive due process claim appear slim, Defendant has not sought summary judgment or similar relief

regarding that claim. The Court is unwilling, at this time, to dismiss any further elements of Plaintiff's case out of hand.

For these reasons, Defendant's Motion to Dismiss (Document No. 9) is GRANTED IN PART AND DENIED IN PART, and Plaintiff's "takings" claims under federal and/or state law are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff may continue to pursue the remainder of its claims.

SIGNED on this 28th day of October, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge